IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MALLORY YORK, JR.,                    §
                                      §
              Plaintiff,              §
                                      §
V.                                    §          No. 3:18-cv-432-B-BN
                                      §
DALLAS COUNTY, ET AL.,                §
                                      §
              Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mallory York has filed a *pro se* action against local and state entities

and officials asserting claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241. This action

has been referred to the undersigned United States magistrate judge for screening

under 28 U.S.C. § 636(b) and a standing order of reference from United States District

Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law,

and recommendation that the Court should dismiss this action without prejudice for

lack of subject matter jurisdiction.

**Applicable Background**

York's initial complaint simply alleged legal labels and conclusions – in whole:

"42 U.S.C. 1983, 18 U.S.C. 241; Depravation of Rights under Color of Law; Conspiracy

against Rights." Dkt. No. 3. The Court therefore entered a notice of deficiency and

order on February 22, 2018, noting that his complaint "does not comply with the

applicable pleading standards," that "a plaintiff must allege more than labels and

conclusions," and that, "while a court must accept all of the plaintiff's allegations as true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Dkt. No. 6 at 1-2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); citing Fed. R. Civ. P. 8(a); further informing York that "to survive dismissal under *Twombly* and *Iqbal*, [he] need only 'plead facts sufficient to show' that the claims asserted have 'substantive plausibility' by stating 'simply, concisely, and directly events' that [he] contends entitle him ... to relief" (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing, in turn, FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)))).

The same day, the Court granted York's motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 4 & 6.

York timely filed an amended complaint on the court-provided form complaint. *See* Dkt. No. 9. Through the amended complaint, York alleges that Defendant Judge Andrea D. Plumlee, named in her individual capacity, as well as Defendants Dallas County Domestic Relations Officer Intervenor; Dallas County; and Texas Attorney General, all named in their official capacities, are responsible for a fraudulent April 2014 divorce decree and "a support order created without due process." Dkt. No. 9 at 2-4. York specifically alleges that he did not sign the divorce decree because he "did not consent nor agree with said contract" and claims that defendants' actions have made him "extremely poor," "ruin[ed his] credit," and "forc[ed him] in[to] poverty and government assistance." *Id.* at 4. He seeks $1 million in damages. *See id.* at 6.

-2-

## Legal Standards and Analysis

I.   _Rooker-Feldman_ Doctrine

The basis for York's federal action is his attack of a previously-imposed state-court divorce decree and support order as fraudulent. But a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision).

Applicable, here – to the attack of state court judgments under the guise of a

civil rights complaint – "[a] plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (respectively quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986), and citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

As in *Turner*, York's claims that the divorce decree and support order are fraudulent in violation of his civil rights is an impermissible request that this federal district court sit in review of state court judgments. His claims are therefore "'inextricably intertwined' with the state court judgment so that this Court could not rule in [his] favor without overturning the state court." *Id.* (citing *Shepherd*, 23 F.3d at 924); *see also Troung*, 717 F.3d at 382 n.3 (observing that there is "no general rule that any claim that relies on a fraud allegation is an 'independent claim' for *Rooker-Feldman* purposes" (collecting cases)).

Because the undersigned recommends dismissal primarily based on the *Rooker-*

*Feldman* doctrine, this action should be dismissed without prejudice. *See, e.g., Yeckel v. The Carl B. & Florence E. King Found. Pension Plan & Welfare Benefit Program*, No. 3:06-cv-105-D, 2006 WL 2434313, at *2 n.9 (N.D. Tex. Aug. 21, 2006) ("The Foundation contends under the *Rooker-Feldman* doctrine that the court lacks jurisdiction 'and this case should be dismissed with prejudice.' It is well settled, however, that a dismissal for lack of subject matter jurisdiction is without prejudice." (citations omitted)).

## II.    Named Defendants

To the extent that the Court finds that the *Rooker-Feldman* doctrine is not applicable to all or some of York's claims, the amended complaint nevertheless fails to state a plausible claim against any named defendant.

### A.    Judge Plumlee

Beginning with Judge Plumlee, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or

malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of York's allegations against Judge Plumlee show that she acted outside her judicial capacity. Therefore, to the extent that the Court has jurisdiction over this action, the claims against Judge Plumlee should be "dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285; *see also Jones v. Judge of 129th Harris Cty. Dist. Court*, 113 F. App'x 603, 604 (5th Cir. 2004) (per curiam) (affirming dismissal of claims barred by absolute judicial immunity "for failure to state a claim" under Section 1915(e)(2)(B)(ii)).

## B.    Dallas County

Next, York has sued Dallas County and its "Domestic Relations Office Intervenor" in his or her official capacity. As to that individual, "[b]ecause [York] has sued Dallas County, [his] official capacity claims against [the Domestic Relations Office Intervenor] are redundant." *Stephens v. Dallas Cty., Tex.*, No. 3:05-cv-1009-K, 2007 WL 34827, at *4 (N.D. Tex. Jan. 4, 2007).

"An official-capacity lawsuit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). When an

individual is sued is his official capacity, liability is imposed "'on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond.'" *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72, (1985)); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Where a plaintiff brings claims against both a public officer in his official capacity and the public entity for which he works, the claims "essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). And, when this occurs, the court may dismiss the claims against the public official as duplicative. *See, e.g.*, *Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County").

As to Dallas County, it is clearly established that "[a] municipality" – like the County – "and/or its policymakers may be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted).

To assert liability under *Monell*, York must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847

(5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001));
*see also id.* ("A municipality is almost never liable for an isolated unconstitutional act
on the part of an employee; it is liable only for acts directly attributable to it 'through
some official action or imprimatur.'" (quoting *Piotrowski*, 237 F.3d at 578)).

York fails to allege that his rights were violated under an official policy of Dallas
County; all he has alleged is that "Dallas County pays Judge ... Plumlee." Dkt. No. 9
at 4. This allegation is insufficient to allege municipal liability, even under a theory of
ratification. *See, e.g.*, *Peterson*, 588 F.3d at 849.

### C.    Texas Attorney General

The final named defendant is the Texas Attorney General in his official capacity
(the "AG"). "'Federal courts are without jurisdiction over suits against a state, a state
agency, or a state official in his official capacity unless that state has waived its
sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by
statute, and § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C.
v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (respectively quoting *Moore v. La. Bd.
of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), and citing *Quern
v. Jordan*, 440 U.S. 332, 340 (1979)). And, because York is seeking "retrospective
money damages," the exception under *Ex Parte Young*, 209 U.S. 123 (1908), does not
supply federal jurisdiction over York's claims against the AG. *NiGen Biotech*, 804 F.3d
at 394 ("A claim for money damages 'seek[s] to impose a liability which must be paid
from public funds in the state treasury.' As the AG correctly points out, the Eleventh
Amendment bars federal court jurisdiction over such claims." (quoting *Edelman v.

*Jordan*, 415 U.S. 651, 663 (1974))).

## Recommendation

The Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-9-